CARMEN N. SANTIAGO, demandante y peticionaria, *v.* FRAN-
CISCO J. ECHEGARAY, demandado y recurrido.

Número: CE-93-399     Resuelto: 13 de febrero de 1995

*Víctor M. Rivera Torres* y *José M. Aponte Jiménez,* abogados de la parte peticionaria; *Luis F. Hernández Vélez,* abogado de la parte recurrida.

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> A<small>LONSO</small> A<small>LONSO</small> emitió la opinión del Tribunal.

I

Nos corresponde resolver si un abogado-notario, que haya autenticado la firma de una parte en una contestación a un interrogatorio en un pleito contencioso, está impedido de asumir la representación legal de la parte en dicho caso, posterior a la autenticación del referido documento. Resolvemos que erró el Tribunal de Primera Instancia, Sala de Mayagüez (Hon. Manuel J. Vera Vera, Juez Superior), al determinar que no se admitía la representación del Lcdo. Víctor Rivera Torres por haber problemas evidenciarios y de conflicto potencial ético.

II

En julio de 1991, la Sra. Carmen N. Santiago, por conducto de los Lcdos. Alfredo Cardona Álvarez y Vidal Rodríguez Amaro, presentó una demanda en daños y perjuicios por persecución maliciosa contra su ex cónyuge, el Dr. Francisco Echegaray. Se alegó en la demanda que el demandado, sin causa probable, instó activa y maliciosamente la iniciación de un proceso criminal de tentativa de asesinato agravado contra la demandante. El demandado contestó la demanda y, luego de varios trámites procesales, el 16 de octubre de 1992 notificó un interrogatorio a la demandante.

El 6 de marzo de 1993, la demandante juramentó ante el notario Víctor M. Rivera Torres la contestación a un interrogatorio que le había sido notificado previamente. El 24 de marzo de 1993 la representación legal de la deman-

dante, Lcdo. Alfredo Cardona Álvarez, presentó una moción de renuncia de representación legal. El 25 de marzo de 1993 la parte demandada presentó una moción informativa y solicitud de desestimación para alegar que la demandante no había contestado el interrogatorio que le habían notificado.

El 8 de abril de 1993, el tribunal dictó una resolución y orden que imponía a la demandante una sanción de quinientos dólares ($500) a favor del E.L.A. por no haber contestado el interrogatorio, autorizó la renuncia del Lcdo. Alfredo Cardona Álvarez y apercibió a la demandante que debería comparecer con su nueva representación a la conferencia sobre el estado de los procedimientos señalada para el 4 de mayo de 1993. Dicha resolución y orden fue notificada al Lcdo. Víctor M. Rivera Torres.

El 14 de abril de 1993 la demandante presentó, por derecho propio, una oposición a la moción informativa y en solicitud de desestimación, para señalar que ya el interrogatorio había sido contestado y cursado al demandado, juramentado ante el Lcdo. Víctor M. Rivera Torres mediante el Afidávit Núm. 3855 de 6 de marzo de 1993. Además, sometió por derecho propio una solicitud de reconsideración para solicitar que se dejaran sin efecto la sanción de quinientos dólares ($500) y el señalamiento fijado para el 4 de mayo de 1993, y solicitó que se le concediese un término de treinta (30) días para comparecer con una nueva representación legal.

El 4 de mayo de 1993, el tribunal celebró la vista sobre el estado de los procedimientos; la demandante compareció sin representación legal. El tribunal dejó sin efecto las sanciones y le concedió a la demandante un plazo de treinta (30) días para contratar los servicios de un abogado adicional al licenciado Rodríguez Amaro. El tribunal hizo constar que había notificado sobre las órdenes emitidas al Lcdo. Víctor Rivera Torres, a los efectos de que tuviera conocimiento acerca de que existían unas alegaciones de que era

un abogado contratado y que, al no ser el abogado de expediente —que había juramentado una contestación a interrogatorio de la demandante— ello impide su entrada al caso como una cuestión de controversia ética-profesional. Ordenó a la Secretaría que una vez notificada la minuta al Lcdo. Víctor Rivera Torres, no expidiera otra notificación adicional al abogado.

Mediante Moción de 3 de junio de 1993, compareció el Lcdo. Víctor Rivera Torres para aclarar que al momento de juramentarse la contestación al interrogatorio no era abogado de la demandante en dicho caso. Expuso que la demandante contrató sus servicios profesionales para que asumiera su representación en este caso después de haber notarizado la contestación al interrogatorio. Argumentó que haber juramentado la contestación referida, cuando no era abogado del caso, no crea el conflicto al que alude el tribunal y que tan sólo participó en autenticar la firma de la demandante. Añadió que de ningún modo participó en la redacción, preparación o análisis del interrogatorio o sus contestaciones.

El 24 de junio de 1993 el tribunal dictó una resolución a los efectos de que "[n]o se admite la representación del Lcdo. Rivera Torres. La problemática evidenciaria y de conflicto potencial ético, queda latente ante la juramentación del interrogatorio. Cualquier efecto impugnatorio futuro, lo colocaría en posición de declarar a favor o en contra de la declarante, aquí demandante". Apéndice, pág. 1.

No conforme, acude ante nos la demandante, mediante petición de *certiorari*, para solicitar la revocación de la resolución recurrida. Plantea como único señalamiento de error que:

A.   Cometió error el Tribunal de instancia al prohibir al abogado, Víctor M. Rivera Torres, asumir la representación legal de la parte demandante-recurrente por razón de éste haber autenticado su firma, bajo juramento, en la contestación a un interrogatorio sometido por la parte demandada-recurrida, evento éste que ocurrió antes de que el Lcdo. Rivera Torres

asumiera la referida representación legal de la demandante-recurr[ente]. Solicitud de *certiorari*, pág. 6.

Concedimos al demandado recurrido, Dr. Francisco Echegaray, un término de veinte (20) días para que mostrara causa por la cual no debíamos revocar la resolución dictada el 24 de junio de 1993 por el tribunal de instancia.([1])

Habiendo comparecido el demandado, estamos en posición de resolver.

## III

En *In re Colón Ramery*, 133 D.P.R. 555 (1993), tratamos una situación en que un abogado-notario, ante el cual *se otorgó una escritura*, con posterioridad reclamó judicialmente en representación de una de las partes otorgantes para exigir las contraprestaciones contenidas en el documento. Resolvimos que "[u]n abogado-notario que reclama judicialmente en representación de una de las partes otorgantes de un documento, para exigir la contraprestación a la que se obligó la otra parte en el documento, da la falsa impresión de que siempre estuvo parcializado con la parte en representación de la cual reclama. Ello, claro está, cuando se trata de reclamaciones de índole contenciosa. De permitirse tal práctica estaríamos ocasionándole un grave daño a la institución del notariado y, sobre todo, a la fe pública notarial". Íd., pág. 567. Asimismo sostuvimos que en "toda acción en la que un instrumento notarial sea el objeto de la controversia, el notario siempre es testigo silente" (íd., pág. 568) y que "[a]unque la notaría

---

([1]) El 10 de noviembre de 1993, la demandante presentó una solicitud en auxilio de jurisdicción para señalar que el tribunal de instancia había autorizado la renuncia de la otra representación legal de la demandante, Lcdo. Vidal Rodríguez Amaro; le concedía treinta (30) días a la demandante para comparecer con una nueva representación legal, al excluir al licenciado Rivera Torres, bajo apercibimiento de sanciones. Dado a ello, el 15 de noviembre de 1993 este Tribunal paralizó los procedimientos en el foro de instancia. [001a]

y la abogacía, como regla general, no son incompatibles, en ciertas ocasiones ... el simultanear ambas funciones con relación a un mismo asunto sí resulta incompatible por la apariencia de conducta parcializada impropia que se produce". Íd., pág. 569.

Posteriormente, en *In re Cardona Álvarez*, 133 D.P.R. 588 (1993), tratamos una situación en la cual un abogado-notario, ante quien se firmó un pagaré para garantizar un préstamo, *reclamó judicialmente el cobro del pagaré en representación del acreedor prestamista y en contra de la esposa del deudor, a pesar de que tenía conocimiento de que ante él sólo había comparecido a firmar el deudor, mas no su esposa.* Allí distinguimos dicho caso de la situación presente en *In re Colón Ramery*, supra, toda vez que se trataba de una declaración en la cual el notario sólo daba fe de la autenticidad de la firma del compareciente; el notario no asumía responsabilidad alguna por el contenido del documento privado cuyas firmas legitima. No obstante, resolvimos que el abogado-notario debió abstenerse de representar los intereses del acreedor prestamista en el pleito *toda vez que él sabía que se cuestionaría el documento, ya que precisamente él era el mejor testigo del hecho de que la esposa del deudor no había comparecido ante él a firmar.*

En el caso de autos, al igual que en *In re Cardona Álvarez*, supra, *se trata de una declaración, en la cual el notario sólo daba fe de la autenticidad de la firma del compareciente. No obstante, a diferencia de In re Cardona Álvarez*, supra, *no está en controversia la firma de la parte ni el documento es el objeto principal de la reclamación*, por lo que no procedía la descalificación del abogado. Nos explicamos.

Aquí se trata de una declaración de autenticidad de la firma de la demandante en una contestación a un interrogatorio cursado por la parte demandada. El notario no participó en la redacción, preparación o análisis del interrogatorio y sus contestaciones. Según señalamos en *In*

*re Cardona Álvarez*, supra, pág. 594, en las declaraciones sobre la autenticidad de firmas

> ..."[e]l notario no asume responsabilidad alguna por el contenido del documento privado cuyas firmas legitime". Art. 56 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 L.P.R.A. sec. 2091); E. Giménez-Arnau, *Derecho Notarial*, 2da ed., Pamplona, Ed. Univ. de Navarra, 1976, Cap. LIV, págs. 801–803. Por lo tanto, "[l]a certificación de la autenticidad de las firmas en un pagaré bajo la fe notarial, '... simplemente constituye un certificado o fórmula que acredita que el documento se suscribió ante un funcionario (notario autorizante)' ". S. Torres Peralta, *La Nueva Ley Notarial de Puerto Rico*, 48 (Núm.3) Rev. C. Abo. P.R. 3, 119 (1987). Bajo ninguna circunstancia el notario califica y garantiza el contenido de la declaración de autenticidad. P. Malavet Vega, *Manual de Derecho Notarial Puertorriqueño*, Santo Domingo, Ed. Corripio, 1988, pág. 142; *Rodríguez Vidal v. Benvenutti*, 115 D.P.R. 583, 587 (1984).

██ Tampoco aquí se reclama en representación de una de las partes otorgantes de un documento *para exigir la contraprestación contenida en éste, toda vez que la contestación al interrogatorio no es el objeto de la reclamación.* Por lo tanto, no existe el peligro de dar la falsa impresión de que el abogado-notario siempre estuvo parcializado con la parte en representación de la cual reclama. Recordemos que se trata de una declaración de autenticidad de la firma y que, siendo así, el notario no asume responsabilidad alguna por el contenido del documento.

Por último, aquí no existe la representación de "una de las partes otorgantes de un documento", toda vez que estamos ante una declaración de autenticidad de una firma en una contestación a interrogatorio, a la cual sólo la demandante compareció ante el notario.

En conclusión, en el caso de autos no procede la descalificación del abogado-notario, licenciado Rivera Torres, por no tratarse aquí de *una autorización de un instrumento*, en que luego el notario representa como abogado a uno de los otorgantes en la litigación civil contenciosa contra el otro u

otros otorgantes para reclamar judicialmente las contra-prestaciones contenidas en el instrumento.

*Se expide el auto y se revoca la resolución recurrida. Se devuelve el caso al tribunal de instancia para la continuación de los procedimientos.*

*Se emitirá la sentencia correspondiente.*